IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


MARK R. DAVIS                                                                    PLAINTIFF


          v.                        Civil No. 6:12-cv-06070


DR. DEBRA CLYDE, ET AL.                                                      DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        This is a civil rights action filed by Plaintiff, Mark R. Davis,  pursuant to 42 U.S.C. § 1983.

Plaintiff is currently incarcerated at the Arkansas Department of Corrections Ouachita River Unit

in Malvern, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the

Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for

the purpose of making a report and recommendation.

        The case is before me for preservice screening under the provisions of the Prison Litigation

Reform Act.

## I.      BACKGROUND

        Plaintiff filed his Complaint on May 17, 2012.  In his Complaint, Plaintiff names over fifty

(50) defendants and asserts claims relating to his confinement in four separate Arkansas

Department of Corrections ("ADC") units.  These units include the (1) East Arkansas Regional

Unit ("EARU"); (2) North Central Unit ("NCU"); (3) Tucker Unit; and (4) Ouachita Regional Unit

("ORU").  Plaintiff's claims relate to his medical care, conditions of confinement, accommodations

for persons with a disability, racial discrimination, lack of training and supervision of ADC and medical staff, access to the courts, and physical encounters with ADC staff.  It is difficult to ascertain from Plaintiff's Complaint which of his allegations relate to his confinement in each of the ADC units he lists.

## II.   DISCUSSION

As noted above, Plaintiff is an inmate of the ADC.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

Here, Plaintiff alleges claims against many defendants regarding his confinement in four separate units of the ADC.  Three of these units are located in the Eastern District of Arkansas: (1) EARU; (2) NCU; and (3) Tucker Unit.  The last unit, the ORU is located within this District.

Pursuant to 42 U.S.C. § 1391(b), the proper venue for a suit is the judicial district in which all defendants reside or in which the claim arises.  *See Bredberg v. Long,* 778 F.2d 1285, 1288 (8th Cir. 1988).  If the Court determines venue is improper in this District it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Plaintiff's claims relating to his confinement in the EARU, NCU, and Tucker Unit occurred in the Eastern District of Arkansas and as such, proper venue lies in that District.  However, the Court cannot transfer Plaintiff's Complaint to the Eastern District of Arkansas because Plaintiff's claims against the ORU are properly filed in this District.  The Court, therefore, determines the interest of justice would best be served by retaining Plaintiff's claims related to the ORU and dismissing Plaintiff's claims relating to the EARU, NCU, and Tucker Unit, without prejudice, so

he may properly file those claims in the Eastern District of Arkansas.

The Court also determines that it would benefit from clarification on the ORU claims through an amended complaint.  Therefore, I further recommend Plaintiff be directed to file an amended complaint asserting only those claims related to the ORU.  Plaintiff should be reminded that his amended complaint will take the place of his original complaint and he may not refer to his original complaint in the amended complaint. Any allegations, facts, and claims related to the ORU Plaintiff intends to remain part of this suit should be stated in the amended complaint.

## III.   CONCLUSION

Accordingly, I recommend (1) Plaintiff's claims relating to events that occurred in the East Arkansas Regional Unit, North Central Unit, and Tucker Units of the Arkansas Department of Corrections be **DISMISSED,** without prejudice, so that Plaintiff may properly file these claims in the Eastern District of Arkansas, and (2) Plaintiff be directed to file an amended complaint giving a short and plain statement of his claims against the Ouachita River Correctional Unit.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of November 2012.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE