IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARK R. DAVIS                                                                                          PLAINTIFF

       v.                             Civil No. 6:12-cv-06070

DR. DEBRA CLYDE, ET AL.                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Mark Davis filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 17, 2012. ECF No. 1. Now before the Court is Plaintiff's continuous failure to comply with the Court's orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Arkansas Department of Corrections Ouachita River Unit in Malvern, Arkansas ("ORU"). Plaintiff's address of record indicates he is still incarcerated at the ORU.

In his Complaint, Plaintiff names over fifty (50) defendants and asserts claims relating to his confinement in four separate Arkansas Department of Corrections ("ADC") units. These units include the (1) East Arkansas Regional Unit ("EARU"); (2) North Central Unit ("NCU"); (3) Tucker Unit; and (4) Ouachita Regional Unit ("ORU"). Plaintiff's claims relate to his medical

1

care, conditions of confinement, accommodations for persons with a disability, racial discrimination, lack of training and supervision of ADC and medical staff, access to the courts, and physical encounters with ADC staff. It is difficult to ascertain from Plaintiff's Complaint which of his allegations relate to his confinement in each of the ADC units he lists. Further, the Court previously dismissed a number of Plaintiff's claims and the only claims remaining are those relating to the ORU. ECF No. 6.

Accordingly, on December 19, 2012, the Court ordered Plaintiff to file an amended complaint. ECF No. 9. Plaintiff failed to do so. The December 19, 2012 Order was not returned to the Court as undeliverable.

On January 8, 2013, Plaintiff filed a Motion on PLRA Strikes. ECF No. 12. The content of this document in no way resembles an amended complaint, nor can it be construed as an amended complaint.

On May 9, 2013, Plaintiff sent a document the Court filed as a Supplement. ECF No. 12. Again, this document in no way resembles an amended complaint, and the Court cannot determine from its content that Plaintiff intended it to serve as his amended complaint.

On May 28, 2013, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's December 19, 2012 Order and file an amended complaint. ECF No. 13. The Order to Show Cause also directed the Clerk to send Plaintiff a blank section 1983 Complaint Form to be completed and returned by June 14, 2013. Plaintiff failed to respond to the Court's Order to Show Cause, and the Order to Show Cause has not been returned to the Court as undeliverable.

II. **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3

### III. DISCUSSION

Plaintiff has failed to comply with two Court orders—the Court's December 19, 2012 Order and the Court's May 28, 2013 Order to Show Cause. Plaintiff has also failed to prosecute this case. While Plaintiff has filed various documents over the course of the last seven months, none of these documents are directed at furthering the issue of service in this matter. Without an amended complaint the Court cannot determine the issue of service in this matter and move this case forward.

Because the Court's Orders sent to Plaintiff at the ADC were not returned as undeliverable, the Court presumes Plaintiff received the Orders and willfully disobeyed them. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's complaint be dismissed with prejudice. *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

4

**district court.**

        **DATED** this **26th day of August 2013.**

                                    /s/ *J. Marschewski*
                                    HON. JAMES R. MARSCHEWSKI
                                    CHIEF UNITED STATES MAGISTRATE JUDGE